In re Richard Henry BENNETT, Jr. and Rita Ann Bennett, Debtors.

Richard Henry BENNETT, Jr. and Rita Ann Bennett, Plaintiffs,

v.

RAINIER NATIONAL BANK, Defendant.

Appeal of Richard Henry BENNETT, Jr. and Rita Ann Bennett.

Bankruptcy No. 81–9005.

Bankruptcy Appellate Panel for the First Circuit.

July 9, 1982.

Riemer & Braunstein by Charles R. Bennett, Jr., Boston, Mass., for appellants.

Lappin, Rosen, Goldberg, Slavet, Levenson & Wekstein by Jerome E. Rosen, Boston, Mass., for appellee.

Before CYR, C. J.* and VOTOLATO and JOHNSON, JJ.

PER CURIAM:

Debtors, Richard H. and Rita A. Bennett, appeal an order of the bankruptcy court denying them their claimed right to avoid a nonpossessory, nonpurchase-money security interest in a Baldwin Baby Grand Piano and relieving the Rainier National Bank [Rainier] from the 11 U.S.C. § 362(a) automatic stay.

In their joint Chapter 7 petition the debtors claimed the piano as exempt property. Rainier was scheduled as a secured creditor with a claim in the amount of $8,100, with the piano as collateral.[1] The debtors subsequently filed a complaint, pursuant to 11 U.S.C. § 522(f), to avoid Rainier's lien.[2] Rainier counterclaimed, seeking relief from the automatic stay and permission to proceed against the collateral.

The bankruptcy court's order, written on the margin of debtors' complaint, reads in *toto:*

Find for the defendant bank After hearing & briefs stay lifted. The debtor claimed his total § 522d(1) & (5) exemptions on real estate and even debtor's value greatly exceeds $200 522d(3) exemption. There can be no equity for estate since valid security agreement for debt in excess of $8,000.

Debtors timely moved for relief from the judgment and for reconsideration. The bankruptcy judge denied their motion by writing on the margin: "Denied see 11 U.S.C. 522 1 exemptions allowed as claimed by the debtor."

We vacate the order of the bankruptcy court and remand for findings of fact and conclusions of law.

The bankruptcy judge's orders are brief and ambiguous at best. Bankruptcy Rule 752(a) requires the court to find the facts specially and state separately its conclusions of law.[3] This rule is an adaptation of Rule 52 of the Federal Rules of Civil Procedure. *See* Advisory Committee Note. One purpose of the rule is to assist the Appellate Court by affording it a clear understanding of the ground or basis of the decision below. *Boston and Maine Corp. v. First National Bank of Boston,* 618 F.2d 137, 143 (1st Cir. 1980); 5A Moore's Federal Practice ¶ 52.-03[3] (2d ed. 1982). We have attempted to deduce from the court's order the ground or basis for the decision below, but have been unable to do so.

The wording of the order obscures whether the bankruptcy court considered the merits of the request to avoid the lien pursuant to 11 U.S.C. § 522(f)(2) and determined that the lien was not avoidable because the debtor lacked equity in the property, or whether the court found that it had no reason to reach the issue on the basis that the piano was not exempt. Rendering an opinion under such circumstances places

---

* Cyr, C. J., sat at oral argument; because of his subsequent appointment to the U.S. District Court he did not participate in this opinion.

1. The parties agree Rainier's interest is a nonpossessory, nonpurchase-money security interest.

2. 11 U.S.C. § 522(f):
   Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—

. . . . .
   (2) a nonpossessory, nonpurchase-money security interest in any—
   (A) household furnishings, household goods, . . . musical instruments, . . . that are held primarily for the personal, family, or household use of the debtor or a dependent of the debtor; . . . .

3. We recognize that bankruptcy judges are often under extreme pressure to expedite cases and that some are faced with nearly overwhelming case loads.

this panel in a position of theorizing through speculation and guesswork what actually was decided by the bankruptcy court.

We are limited to determining whether or not the bankruptcy court's findings are clearly erroneous, Rule 16, First Circuit Rules Governing Appeals to District Courts and Appellate Panels, or if the court committed an error of law. *In re Garland*, 6 B.R. 456 (Bkrtcy. 1st Cir. 1980). Since we cannot deduce what rationale was used in reaching the decision below, we must vacate the judgment and remand this proceeding to the bankruptcy court for clarification of its order.[4]

Judgment below vacated; remanded for findings of fact and conclusions of law.

4. 5A Moore's Federal Practice ¶ 52.06[2] (2d ed. 1982); *United Shoe Machinery Corporation v. Kamborian et al.*, 160 F.2d 461 (1st Cir. 1947).